IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Gregory S. Willis,

        Plaintiff,

v.

United States of America,
Department of Veteran's Affairs

        Defendant.

Case No. 2:12-cv-867

Judge Graham

Opinion and Order

    This matter is before the court on a motion to dismiss filed by the United States of America. Plaintiff Gregory S. Willis, proceeding *pro se*, has not filed a response to the motion, despite having requested and received an extension of time to file such a response. For the reasons that follow, the motion to dismiss is granted.

I.    Background

    Willis brings this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*, for alleged medical malpractice committed by staff at the Veteran Affair's Medical Centers in Chillicothe and Columbus, Ohio. The complaint contains few factual allegations, but Willis states that he is a diabetic and suffers from bipolar mania. He alleges that he went to the VA Medical Centers in 2006 and 2007 to receive drug and alcohol treatment. He further alleges that he was given shots of testosterone that altered his mood and increased his sexual drive. According to the complaint, Willis did not comprehend or appreciate the side effects that the testosterone shots were having because his perception was impaired by his bipolar disorder and the medication he took for it. Willis alleges that it was medical malpractice for the staff to give him the testosterone shots. Finally, the complaint states that Willis filed an administrative claim with the VA relating to the alleged malpractice and that the claim was denied within six months prior to filing this suit.

    The complaint seeks $10 million in damages and alleges that the medical malpractice has caused Willis to suffer lost wages and reputational harm. The complaint does not contain any further allegations about the effects of the testosterone shots, and from the face of the complaint it is not possible to discern how the testosterone shots could have caused such damage to Willis. The government notes that Willis alleged in his administrative claim with the VA (which the government

has attached as an exhibit to its motion to dismiss) that the testosterone shots caused him to commit an "incident" of "sexual acting out" and resulted in his incarceration. The administrative claim asserts that the VA should be held liable for the damages Willis has suffered from being incarcerated. The court takes judicial notice that in May 2008 Willis was convicted of rape and kidnapping by a jury in the Court of Common Pleas of Franklin County, Ohio. See State v. Willis, No. 07CR-05-3571. The criminal conduct for which Willis was convicted occurred in January 2007.

II.     **Standard of Review**

This matter is before the court on the government's motion to dismiss under Federal Rule of Civil Procedure Rule 12(b). When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. Iqbal, 556 U.S. at 679; Twombly, 550 U.S. at 555-56. However, a court need not accept as true legal conclusions and "[t]hreadbare recitals of the elements of a cause of action." Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555, 557. The plaintiff must provide the grounds of his entitlement to relief "rather than a blanket assertion of entitlement to relief." Twombly, 550 U.S. at 556 n.3.

III.    **Discussion**

The United States, as sovereign, is immune from suit save as it consents to be sued …." United States v. Sherwood, 312 U.S. 584, 586 (1941). The FTCA "provides a limited waiver of the national government's immunity from suit for torts committed by federal employees." Ellison v. U.S., 531 F.3d 359, 361 (6th Cir. 2008). The FTCA permits suits against the government to the same extent that state law would impose liability on a private individual in similar circumstances. Myers v. United States, 17 F.3d 890, 899 (6th Cir. 1984) (citing 28 U.S.C. § 2674). The government's liability is thus determined by the substantive laws of the state in which the alleged tort occurred. Huddleston v. United States, 485 Fed. App'x 744, 745 (6th Cir. 2012) (citing Ward v. United States, 838 F.2d 182, 184 (6th Cir. 1988)).

A.     Ohio's Statute of Repose

Statutes of repose generally extinguish a cause of action after a fixed period of time, irrespective of when the action accrued. See Sedar v. Knowlton Const. Co.., 49 Ohio St.3d 193, 195, 551 N.E.2d 938, 941 (Ohio 1990). The Sixth Circuit has held that state statutes of repose apply to FTCA claims because they are substantive in nature and not "just a procedural hurdle." Huddleston, 485 Fed. App'x 745-46; see also Kennedy v. United States, No. 12-3049, 2013 WL 1693965, at **3-4 (6th Cir. Apr. 19, 2013). The government argues that the medical malpractice claim brought by Willis is untimely under Ohio's four-year statute of repose for medical malpractice claims, O.R.C. § 2305.113(C), because the alleged malpractice occurred in 2006 and 2007 but Willis did not file this suit until September 2012.

At the time the government filed its motion, its argument regarding the statute of repose appeared to be valid. However, recent decisions by the Ohio Supreme Court and the Sixth Circuit make clear that the argument fails. In Ruther v. Kaiser, 134 Ohio St.3d 408, 983 N.E.2d 291 (Ohio 2012), the Ohio Supreme Court held that "[Section] 2305.113(C) does not bar a vested cause of action, but prevents a cause of action from vesting more than four years after the breach of the duty of care." 134 Ohio St.3d at 412, 983 N.E.2d at 296. A medical malpractice claim vests "when a patient discovers or in the exercise of reasonable care and diligence should have discovered the resulting injury." 134 Ohio St.3d at 412, 983 N.E.2d at 295. Applying Ruther, the Sixth Circuit in Kennedy, 2013 WL 1693965, at *4, held that a medical malpractice claim under the FTCA is not untimely under Ohio's statute of repose if it vests within four years of the date of actionable conduct. So long as a "patient discovers . . . the injury within the repose period, the patient has a vested substantive cause of action under Ohio law." 2013 WL 1693965, at *4; accord Clemenz v. United States, No. 1:12-cv-3004, 2013 WL 2367867, at **1-2 (N.D. Ohio May 29, 2013).

Liberally construing the complaint and the underlying administrative claim, of which the court may take judicial notice, see Greenberg v. Life Ins. Co. of Virginia, 177 F.3d 507, 514 (6th Cir. 1999) (documents attached to a motion to dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings); J.P. Silverton Indus. L.P. v. Sohm, 243 F. App'x 82, 87 (6th Cir. 2007); Embassy Realty Inv., LLC v. City of Cleveland, 877 F.Supp.2d 564, 570-71 (N.D. Ohio 2012) (taking judicial notice of records from underlying administrative proceedings that were referred to in the complaint), the court finds that Willis's claim vested within the four-year period allotted by the statute of repose. Willis alleges in his complaint that he did not discover his injury at the time the testosterone shots were administered because his bipolar disorder

3

(and the medication he took for it) impaired his perceptions. Willis alleged in his administrative claim that he did not realize "the complete nature and full extent of the injury" until he was sentenced for his crimes. Willis states that he was sentenced on May 28, 2008, a date that comports with the judicial records of the Court of Common Pleas. See State v. Willis, No. 07CR-05-3571.

Because Willis discovered his injury well within four years of the alleged malpractice that occurred in 2006 and 2007, his suit is not untimely under the statute of repose.

### B. The FTCA's Statute of Limitations

The government next argues that the suit is untimely under the FTCA's two-year statute of limitations. See 28 U.S.C. § 2401(b); Kennedy, 2013 WL 1693965, at *4 (noting that once the statute of repose is satisfied, the applicable statute of limitations thereafter governs the claim); Clemenz, 2013 WL 2367867, at *1 n.1 (noting that a FTCA medical malpractice claim for an injury occurring in Ohio must satisfy both the state statute of repose and the FTCA's limitations period).

In order to file suit under the FTCA, a claimant must first present his claim to the appropriate federal agency, 28 U.S.C. § 2675(a), and he must do so "within two years after such claim accrues," 28 U.S.C. § 2401(b). See Ellison v. U.S., 531 F.3d 359, 361 (6th Cir. 2008). He must then file suit in federal court within six months after the mailing of the notice of final denial of the claim. Id. (citing § 2401(b)).

The government argues that Willis did not present his claim to the VA within two years of its accrual, and the court agrees.[1] A claim for medical malpractice under § 2401(b) accrues "when the plaintiff knows both the existence and the cause of his injury." U.S. v. Kubrick, 444 U.S. 111, 111 (1979). The complaint alleges that the malpractice took place in 2006 and 2007. And while the complaint alleges that Willis was not able to perceive the side effects of the testosterone shots at the time they were administered, he plainly states in his administrative claim that he did appreciate "the complete nature and full extent of the injury" when he was sentenced on May 28, 2008 for his rape and kidnaping convictions. Willis did not file his claim with the VA until October 4, 2010, more than four months after the limitations period had run.

---

[1] The government has styled its argument as jurisdictional but concedes that the "question whether § 2401(b)'s exhaustion provisions constitute jurisdictional requirements divides circuit courts and even prompts inconsistent rulings within this circuit." Bazzo v. U.S., 494 Fed App'x 545, 546 (6th Cir. 2012) (citing cases). If the exhaustion provisions are jurisdictional, then they are not subject to equitable tolling. Id. The court need not address the question because even if tolling were available, Willis has stated no grounds in his complaint for why equitable tolling would be justified here.

Accordingly, the complaint must be dismissed as untimely under the FTCA's statute of limitations.

### C. Ohio's Requirement of an Affidavit of Merit

The government argues that the complaint additionally fails to satisfy the requirement under Ohio law that the filing of a medical malpractice claim be accompanied by an affidavit of merit. Under Ohio Rule of Civil Procedure 10(D)(2), a plaintiff filing a medical malpractice claim must attach to the complaint an affidavit of merit from an expert qualified under Ohio Rules of Evidence 601(D) and 702. The affidavit must state that the affiant (1) "has reviewed all medical records reasonably available," (2) "is familiar with the applicable standard of care," and (3) is of the opinion that the defendants breached the standard of care and caused the plaintiff's injury. See Fletcher v. Univ. Hosps. of Cleveland, 120 Ohio St.3d 167, 169, 897 N.E.2d 147, 149 (Ohio 2008).

There is no dispute that Willis has not filed an affidavit of merit with his complaint. Further, it is well-established that the affidavit requirement is substantive in nature, such that Willis's claim under the FTCA must satisfy it. See Daniel v. United States, 716 F.Supp.2d 694, 698 (N.D. Ohio 2010); Bierbauer v. Manenti, M.D., No. 4:09CV2142, 2010 WL 400835, at * 10 (N.D. Ohio Oct. 12, 2010); Williams v. United States, 754 F.Supp.2d 942, 950-53 (W.D. Tenn. 2010) (holding that Tennessee malpractice certification requirement was substantive and applied to FTCA claim); Luckett v. United States, No. 08–CV–13775, 2009 WL 1856417, at *5 (E.D. Mich. June 29, 2009) (same under Michigan law). See also Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1117 (10th Cir. 2004) (holding that a Colorado law requiring a medical malpractice plaintiff to file a certificate of review with a complaint is substantive and applies in FTCA actions); Chamberlain v. Giampapa, 210 F.3d 154, 161 (3d Cir. 2000) (holding that a New Jersey statute requiring medical-malpractice plaintiffs to file an affidavit of merit is substantive and applies in diversity actions).

Accordingly, the complaint must be dismissed for failing to satisfy the requirement under Ohio law that a medical malpractice complaint be accompanied by an affidavit of merit.

### IV. Conclusion

For the reasons stated above, the government's motion to dismiss (doc. 13) is GRANTED.

                s/ James L. Graham
                JAMES L. GRAHAM
                United States District Judge

DATE: June 20, 2013